**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | : : : |
| Plaintiff, | : Civil Case No. 1:15-cv-1427 |
| v. | : : |
| SANCHEZ, INC. (d/b/a RANCHO FIESTA) and LORENZO SANCHEZ, | : : : |
| Defendants. | : : |

**COMPLAINT**

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, Sanchez, Inc., an Ohio corporation, and Lorenzo Sanchez, an individual, (hereinafter collectively "Defendants"), from violating the provisions of Sections 6, 7, 11, 12, and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("the Act"), pursuant to Section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees together with an equal additional amount as liquidated damages, pursuant to Section 16(c) of the Act.

**I.**

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

**II.**

(a)  Defendant Sanchez, Inc., d/b/a "Rancho Fiesta" (the "Restaurant"), is, and at all times hereinafter mentioned, was an Ohio corporation with an office and place of

1

business at 1360 South Trimble Road, Mansfield, Ohio 44907 in Richland County, within the jurisdiction of this Court and is, and at all times hereinafter mentioned, was engaged in the food service business and in the performance of related types of activities.

(b)  Defendant Lorenzo Sanchez, an individual, resides at 1704 Hidden Oak Trail, Mansfield, Ohio 44906, within the jurisdiction of this Court.  Defendant Sanchez is a shareholder of the Restaurant and at all times hereinafter mentioned actively supervised the day-to-day operations and management of the Restaurant in relation to its employees.  Defendant Sanchez acted directly or indirectly in the interest of the Restaurant in relation to its employees, as an employer within the meaning of the Act.

### III.

Defendants are, and at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose and are, and at all times hereinafter mentioned, were an enterprise within the meaning of Section 3(r) of the Act.

### IV.

Defendants are, and at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

**V.**

(a)  Defendants repeatedly and willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing many of their employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for wages at rates less than $7.25 per hour for time worked beginning on July 2, 2011. Specifically, the employees' regular rates of pay were less than $7.25 per hour.

(b)  In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly and willfully violate the provisions of Sections 6 and 15(a)(2) of the Act by continuing to employ employees in commerce or in the production of goods for commerce, within the meaning of the Act or in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid, for wages at rates less than $7.25 per hour for time worked beginning on  July 2, 2011.

**VI.**

(a)  Defendants repeatedly and willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, for workweeks longer than forty (40) hours, without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed.

(b)  In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly and willfully violate the provisions of Sections 7 and 15(a)(2) of the Act by continuing to employ employees in commerce or in the production of goods

for commerce, within the meaning of the Act or in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours, without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed.

## VII.

Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of their employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. §516, in that records fail to show adequately and accurately, among other things, the total number of hours actually worked by the employees.

## VIII.

Defendants have violated the provisions of Sections 12 and 15(a)(4) of the Act by employing a minor between the ages of fourteen and sixteen who worked excessive hours while school was in session, in violation of 29 C.F.R. §570.35. The aforesaid minor was and is employed by Defendants in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid.

## IX.

During the period since July 2, 2011, Defendants have repeatedly and willfully violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the Court to be due to

present and former employees under the Act is expressly authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an Order pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

B. For an Order:

1. pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit 1 (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

2. pursuant to Section 17, enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid minimum wage and overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C. For an Order awarding Plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.

|  |  |
|---|---|
| OF COUNSEL: | */s/ Hema Steele*_____<br>HEMA STEELE (0081456)<br>Trial Attorney<br>U.S. Department of Labor |
| BENJAMIN T. CHINNI<br>Associate Regional Solicitor | 881 Federal Office Building<br>1240 East Ninth Street<br>Cleveland, Ohio 44199<br>(216) 522-3876; Fax (216) 522-7172<br>*Steele.Hema@dol.gov* |

6