**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS E. PEREZ, Secretary of Labor,** | ) | **CASE NO.  1:15 CV 1427** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **SANCHEZ, INC. (d/b/a Rancho Fiesta),** | ) | |
| **et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

This case is before the Court on Plaintiff's Motion for Reconsideration (**Doc #: 19** ("Motion")).  For the following reason, the Motion is **DENIED**.

**I.**

On July 20, 2015, Plaintiff Thomas E. Perez, Secretary of Labor, filed a Fair Labor Standards Act ("FLSA") action against Defendants Sanchez, Inc.(d/b/a Rancho Fiesta) and Lorenzo Sanchez seeking $384,700.60 in back overtime wages for 29 employees, plus an equal amount in liquidated damages, and an injunction against future violations of the FLSA.

A Case Management Conference was held on October 9, 2015, at which time the Court encouraged the parties to engage in settlement discussions, and directed limited discovery. Specifically, the Court asked the Secretary to produce redacted statements and computations of back wages to Defendants' counsel and the Court by November 9, 2015, and asked Defendants to respond to the information by December 9, 2015.  The Court limited discovery because the

parties showed an interest in resolving their dispute before expending sizable resources, and scheduled a followup teleconference for December 18, 2015.

During the December 18 teleconference, counsel reported that their clients were still far apart, but that they had scheduled a meeting with Plaintiff's investigator and Defendants' bookkeeper on January 15, 2016. A followup teleconference was scheduled on January 20, 2016. On January 20, counsel reported that they had reached an impasse on whether employees worked the number of hours alleged in their statements or the number of hours shown on their timecards. Defense counsel stated that his clients could not consider settling the case for the amount demanded without first establishing the credibility of the employees. Plaintiff's counsel, citing informer's privilege, did not want to identify any of the 12 employees interviewed.[1] The Court suggested that it might order the Secretary to produce some interviewees for deposition so that Defendants could assess their credibility and the legal sufficiency of the Secretary's allegations. Although the Court directed the parties to submit a proposed litigation schedule, it also asked the parties to continue focusing on the 12 employees who signed statements as a means to settlement. On January 28, 2016, the parties filed a bare-bones Joint Proposed Scheduling Order. After reviewing the proposed litigation schedule, the Court scheduled a teleconference for February 2, 2016.

Following the February 2 teleconference, the Court issued minutes of the teleconference stating, in pertinent part,

> The Court expressed concern about simply allowing the parties to engage in unfettered discovery based on the propoed order and suggested taking the

---

[1] The twelve persons who were interviewed and provided signed statements were current and former employees.

>deposition of three or four witnesses to use as a basis for settlement negotiations. Plaintiff[]'s counsel expressed concerns about possible retaliation, so the Court suggested that the Plaintiff pick three or four former employee witnesses (for whom retaliation would not be a concern) who claim in sworn statements substantial unpaid overtime to depose. Both sides would agree to use that testimony to settle the case.
>
>Defense counsel agreed to the Court's proposal. Plaintiff's counsel indicated she needed to discuss the proposal with others at the Department of Labor. Accordingly, the Court scheduled a follow-up teleconference for February 5, 2016 at 3:00 p.m. The Court stated that if the Department of Labor is unwilling to timely identify and make available for deposition a few witnesses to effect efficient litigation or settlement, the Court will dismiss the case.

(Doc #: 11.)

At the February 5, 2016 teleconference, Plaintiff's counsel reported that she had obtained permission to release the names and contact information for three employees for deposition. Counsel also agreed to draft a protective order in anticipation of the upcoming depositions. The parties agreed to hold a teleconference following the depositions on April 20, 2016, which was later re-scheduled for May 17, 2016.

At the May 17 teleconference, it was learned that one of the former employees identified for deposition had recently passed away. As a result, the Court directed Plaintiff's counsel to substitute another employee for the deceased employee, and scheduled a followup teleconference on July 13, 2016.

On June 15, 2016, Plaintiff filed the pending Motion asking the Court "to reconsider its order requiring the Secretary to produce the identity, contact information, and un-redacted statement of any additional government informers to Defendants." (Motion at 1.) Defense counsel argues that the Court "should allow the parties to engage in formal discovery and litigation and preclude the disclosure of any additional informers until such time that such

-3-

disclosures would be consistent with Sixth Circuit precedent." (Id.)

**II.**

According to the Secretary, the Court should reconsider its prior directive to substitute one employee for the deceased employee to avert "a manifest injustice." (Motion at 7.) This injustice is based on the use of the informer's privilege in FLSA cases.

"[T]he informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Perez v. Los Arcos Seafood & Grill, Inc*., No. 3:12 CV 1133, 2016 WL 1029519, at *5 (M.D. Tenn. Mar. 9, 2016) (quoting *Rovario v. United States*, 353 U.S. 53, 58 (1957)). This privilege is clearly established and has been invoked frequently in FLSA cases. *Id*. (citing *United States v. Julius Doochin Enter., Inc*., 370 F.Supp.942, 943 (M.D. Tenn. 1973) and *Perez v. Am. Future Sys., Inc.*, No. CIV.A 12-6171, 2013 WL 57288674, at *2 (E.D. Pa. Oct. 21, 2013)). The rationale behind the privilege in FLSA cases is that enforcement of the Act is highly dependent on the cooperation of, and statements given by, employees." *Id*. (citing *Brennan v. Engineered Prod., Inc.*, 506 F.2d 299, 302 (8th Cir. 1974, in turn citing *Julius Doochin Enter*., 370 F.Supp. at 944)). Accordingly, there is a concommitant need for protection those employees from potential retribution from employers. *Id*. (citing *Julius Doochin Enter*., 370 F.Supp. at 944). The privilege does not apply where disclosure is inevitable because the informer is to be a witness at trial–although such disclosure must be proximate in time to the trial. *Perez*, 2016 WL 1029529, at *6 (citing *Julius Doochin Enter*., 370 F.Supp. at 945 (citations omitted)).

The problem with this jurisprudence is that the Court is trying to assist the parties in settling their dispute, and the Secretary's counsel already agreed to disclose the identity of three witnesses (all former employees) for deposition so that Defendants could test their credibility. Furthermore, it was agreed that taking these depositions would provide a sample from which to extrapolate an award to the entire class, including the 29 current or former employees who are alleged members of the class. If this case doesn't settle, there will be full-blown discovery over the next 6 months or so, and this case will not survive summary judgment or go to trial without disclosure of the identity of any former or current employee who is expected to testify, all of whom Defendants may depose. The Court is trying to develop a basis for settlement, while at the same time protecting the ideity of most of the employees who signed statements.

Additionally, current *and former* employees are protected from employer retaliation by the FLSA and, given the track record of these particular Defendants, they will be scrutinized closely for such conduct. *Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 146 (6th Cir. 1977).

Accordingly, the Motion (**Doc #: 19**) is hereby **DENIED**.

**IT IS SO ORDERED.**

   s/ *Dan Aaron Polster*   6/27/2016
**Dan Aaron Polster**
**United States District Judge**